Receipt # 061758

FILED
MAR 6 2008
U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>and<br><br>PRINCIPAL FINANCIAL GROUP, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 08-135 T<br><br>COMPLAINT |

COME NOW the Plaintiffs, Principal Life Insurance Company and Principal Financial Group, Inc., hereinafter sometimes referred to collectively as "Principal," by and through their attorney, and for their complaint against the Defendant, the United States of America, respectfully allege:

**GENERAL ALLEGATIONS**

1. This action is founded in part upon the Internal Revenue Code of 1986, Title 26, United States Code (hereinafter referred to as the "Internal Revenue Code"). It is brought by Principal upon claims for refund for the

recovery of federal income taxes, interest, and penalties erroneously and improperly assessed and collected by the Defendant in contravention of various provisions of the Internal Revenue Code referred to herein. In addition, or in the alternative without regard to the claims for refund filed by Principal, Counts I and II of this action include claims for the recovery of money deposited by Principal with the Defendant which has been and is now illegally retained by the Defendant in the absence of any valid assessment relating thereto. The jurisdiction of this Court is invoked under the provisions of Title 28, United States Code, Section 1491(a)(1).

2. Principal Financial Group, Inc. ("Principal Financial") (EIN 42-1520346) is a corporation organized and existing under the laws of the State of Delaware, with its principal office located in Des Moines, Iowa. Its common stock is publicly traded. Principal Financial is the common parent of an affiliated group of corporations within the meaning of Treasury Regulation §1.1502-77(a)(1)(i). Through its wholly-owned subsidiary, Principal Financial Services, Inc. (EIN 42-1520348), it is the successor in interest to Principal Mutual Holding Company (EIN 42-1476365).

3. Principal Life Insurance Company ("Principal Life") (EIN 42-0127290) is an Iowa insurance corporation with principal offices in Des Moines,

Iowa. Principal Life is a wholly-owned second-tier subsidiary of Principal Financial and one of the members of Principal Financial's affiliated group of corporations. Principal Life is engaged, and at all times relevant to this action was engaged, in the business of writing various forms of individual and group life and health insurance and annuities.

4. Principal Financial and Principal Life are and were at all times relevant to this action calendar year taxpayers.

5. The Defendant is the United States of America.

6. No action on the portions of the claims for refund referred to herein has been taken by Congress or any agency of the United States. No other suit or process by Principal is pending on such matters in any other court except with respect to carrybacks from the taxable year 2001 which are referred to in Count III hereof, and the suits involving such carrybacks are presently pending before this Court in directly-related cases, Nos. 07-6T and 07-706T.

7. Principal is the sole owner of the claims for refund referred to herein and has neither made nor received any assignment thereof.

8. More than six months have elapsed since the filing of the claims for refund referred to herein and no certified or registered notice of disallowance of

such claims for refund has been received by Principal from the Internal Revenue Service.

## COUNT I

## Tax Year: 1999

9. Plaintiff repleads and incorporates by reference Paragraphs 1 through 8, inclusive, of the General Allegations of this Complaint as if fully set forth herein.

10. For the taxable year 1999, Principal Mutual Holding Company was the common parent, within the meaning of Treasury Regulation §1.1502-77(a), of the affiliated group of corporations of which Principal Life was a member. Principal Mutual Holding Company timely filed the consolidated federal income tax return for the affiliated group for the taxable year 1999 with the Internal Revenue Service Center at Kansas City, Missouri 64999, within the extended time allowed therefor. The name, address, and identification number appearing on said return were as follows:

Principal Mutual Holding Company
711 High Street
Des Moines, Iowa 50392-0350
Identification Number: 42-1476365

11. The affiliated group's 1999 income tax return showed consolidated federal income tax liability for that year of $203,048,592. Principal made payments by electronic transfer to the Internal Revenue Service within the time periods prescribed by law, fully satisfying the amount of income tax liability shown on said return.

12. On December 29, 2004, the Internal Revenue Service issued to Principal a statutory notice of deficiency claiming that Principal was liable for additional federal income taxes for 1999 in the amount of $164,888,638, plus penalties in the amount of $10,848,700.

13. On January 13, 2005, Principal remitted to the Internal Revenue Service a deposit for 1999 in the total amount of $202,000,000. On or about January 28, 2005, such remittance was applied to the taxes in the amount of $164,888,638, penalties in the amount of $10,848,700, and deficiency interest in the amount of $24,358,721 claimed by the Internal Revenue Service to be due for 1999.

14. On or about January 26, 2007, Principal Life as designated agent for Principal Mutual Holding Company filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a timely Amended Return/Claim for Refund of 1999 income taxes ("1999 Amended Return/Claim for Refund"), seeking refund

of federal income taxes paid for 1999 in the amount of $6,850,759, plus interest allowable by law. The name, address, and identification number appearing on such 1999 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
As Designated Agent for
Principal Mutual Holding Company
711 High Street
Des Moines, Iowa 50392
Identification Number: 42-0127290

The facts and grounds upon which this Count I is brought were incorporated within such 1999 Amended Return/Claim for Refund. A copy of the relevant portion of such 1999 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a part of Appendix I.

15. Principal's 1999 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal Revenue Service has failed and refused to allow any portion of Principal's 1999 Amended Return/Claim for Refund.

16. The failure and refusal of the Internal Revenue Service to allow those portions of Principal's 1999 Amended Return/Claim for Refund referred to below was wrongful, erroneous, and illegal, and was the result of the following errors of the Internal Revenue Service:

(a) Assessment and collection of interest on deferred tax under Section 453A of the Internal Revenue Code in the amount of $1,177,769 on the deferred portion of Principal's recognized but unreported capital gain resulting from its sale in 1991 of installment obligations to its indirect subsidiary, Principal FC, Ltd. Such Section 453A interest was the subject of this Court's decision filed on March 17, 2006, in *Principal Life Insurance Company v. U.S.*, 70 Fed. Cl. 144 (2006), relating to the taxable years 1991-1994.

(b) Determination that Principal's taxable income must include $4,129,172 for accrual of accretion in value with respect to Principal's interests in certain custodial share receipts received by Plaintiff pursuant to custodial share agreements with regulated investment companies.

(c) Determination that Principal's taxable income for 1999 should include previously-deducted guarantee fund assessments in the amount of $1,927,690, and failure to allow amortization of such guarantee fund assessments as a result of this Court's decision in *Principal Life Insurance Company v.U.S.*, 70 Fed. Cl. 144 (2006).

(d) Failure and refusal to allow a bad debt deduction of $914,068 under Section 166 of the Internal Revenue Code with respect to a 1979

mortgage loan made by Principal on property in Atlanta, Georgia owned by Sun Laboratories, Inc. which became worthless in 1999.

(e) Failure and refusal to allow amortization over an eight-year period of $17,750,000 paid by Principal in 1999 for cancellation of an executory contract of reinsurance with an unrelated party in order to assume full rights to certain indemnity health insurance contracts; or to allow, in the alternative, such amortization over a fifteen-year period.

(f) Failure and refusal to exclude from Principal's 1999 income a dividend distribution in the amount of $979,083 received in 2000 from BrasilPrev Seguros e Previdencia S.A., a Brazilian corporation, which amount was mistakenly reported by Principal in 1999 in its original tax return as filed.

(g) Failure and refusal to allow as additional foreign tax credit the sum of $45,360, such amount representing the difference between the amount of foreign tax credit claimed by Principal in its original tax return as filed and the amount thereof properly allowable with respect to dividends received by Principal from its wholly-owned subsidiary, PFG do Brasil LTDA, a Brazilian corporation that paid Brazilian income taxes on the income that was the source of such dividends.

(h) Determination that Principal must include $4,305,972 in its taxable income for 1999 with respect to its investment in the entity known as Whispering Woods, LLC.

(i) Assessment and collection of the accuracy-related penalty under §6662(a) in the amount of $10,848,700 for alleged negligence and substantial understatement claimed in connection with adjustments made to Principal's investments in Whispering Woods, LLC and certain perpetual securities.

(j) Failure to make timely assessment of the alleged 1999 tax deficiency in the amount of $164,888,638, penalty in the amount of $10,848,700, and interest in the amount of $24,358,721 demanded from and remitted by Principal on January 28, 2005, for the reason that such assessments were barred by the statute of limitations.

17. Also on or about January 26, 2007, Principal Life as designated agent for Principal Mutual Holding Company filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a timely second Amended Return/Claim for Refund of 1999 income taxes ("Second 1999 Amended Return/Claim for Refund, or, together with the 1999 Amended Return/Claim for Refund referred to in paragraph 14, the "1999 Amended Returns/Claims for Refund"). Such Second

1999 Amended Return/Claim for Refund sought refund of federal income taxes paid for 1999 in the amount of $118,562,128, plus interest allowable by law, based on carryback of certain ordinary and capital losses from Principal's 2001 taxable year. The name, address, and identification number appearing on such Second 1999 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
As Designated Agent for
Principal Mutual Holding Company
711 High Street
Des Moines, Iowa 50392
Identification Number: 42-0127290

The facts and grounds upon which this Count I is brought were incorporated within such Second 1999 Amended Return/Claim for Refund. A copy of the relevant portion of such Second 1999 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a part of Appendix I.

18. Principal's Second 1999 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal Revenue Service has failed and refused to allow any portion of Principal's Second 1999 Amended Return/Claim for Refund.

19. The failure and refusal of the Internal Revenue Service to allow those portions of Principal's Second 1999 Amended Return/Claim for Refund referred to below was wrongful, erroneous, and illegal, and was the result of the following errors of the Internal Revenue Service:

(a) Reduction of Principal's capital loss carryback from 2001 by virtue of the following adjustments relating to 2001:

(1) Reduction of the capital loss carryback by disallowance of capital loss in the amount of $210,668,700 incurred by Principal in 2001 upon sale of principal certificates issued by the Seve Primary Trust and the Evergreen Primary Trust following such trusts' receipt of certain perpetual securities.

(2) Reduction of such capital loss carryback by the amount of $47,885,162 determined to represent capital gain realized upon Principal's disposition in 2001 of its interest in Whispering Woods, LLC.

(b) Reduction of Principal's net operating loss carryback from 2001 by virtue of the following adjustments relating to 2001:

(1) Reduction of Principal's net operating loss carryback by the amount of $10,551,985 as a result of the determination that Principal's income must be increased in such amount for accrual of accretion in value with respect to Principal's interests in certain custodial share receipts received by Principal pursuant to custodial share agreements with regulated investment companies.

(2) Reduction of Principal's net operating loss carryback by the amount of $694,353 as a result of the determination that Principal's income for 2001 should include previously-deducted guarantee fund assessments in that amount, and failure to allow amortization of such guarantee fund assessments as a result of this Court's decision in *Principal Life Insurance Company v.U.S.*, 70 Fed. Cl. 144 (2006).

(3) Failure and refusal to allow amortization over an eight-year period of $17,750,000 paid by Principal in 1999 for cancellation of an executory contract of reinsurance with an unrelated party in order to assume full rights to certain indemnity health insurance contracts; or to allow, in the alternative, such amortization over a fifteen-year period.

(4) Failure and refusal to allow a bad debt deduction of $914,068 under Section 166 of the Internal Revenue Code with respect to a 1979 mortgage loan made by Principal on property in Atlanta, Georgia owned by Sun Laboratories, Inc., which, if it did not become worthless in 1999 or 2000, became worthless in 2001.

(5) Failure and refusal to exclude $19,703,883 from Principal's taxable income for 2001 under Section 959 of the Internal Revenue Code as Principal's share of previously-taxed income allocated to it under Section 702 from the entity known as Whispering Woods, LLC.

(6) Failure and refusal to exclude $4,336,338 from Principal's taxable income for 2001 under Section 959 of the Internal Revenue Code as Principal's share of previously-taxed income allocated to it under Section 702 from the entity known as Whistling Pines, LLC.

20. By virtue of the failure and refusal of the Internal Revenue Service to allow those portions of Principal's 1999 Amended Returns/Claims for Refund attributable to the facts and grounds set forth in paragraphs 16 and 19 above, Principal has overpaid its federal income taxes for the taxable year 1999 in the

amount of $164,888,638, has overpaid the accuracy-related penalty in the amount of $10,848.700, and has overpaid deficiency interest in the amount of $24, 358,721, which amounts, together with overpayment interest as provided by law (including interest calculated under Section 6621(d) of the Internal Revenue Code), are now due and owing to Principal by the Defendant.

21. In the alternative, Principal states that the remittance made by it on January 13, 2005 referred to in paragraph 13 above was a deposit in the nature of a cash bond in accordance with Section 6603 of the Internal Revenue Code and Revenue Procedure 84-58, that application of such remittance in payment of taxes, penalties, and/or interest for 1999 was predicated upon the lawful authority of the Internal Revenue Service to properly assess such taxes, penalties, and/or interest for 1999 within the period of limitations applicable thereto, that no such timely assessment of such taxes, penalties, and/or interest for 1999 was made by the Internal Revenue Service within the applicable statute of limitation, and that, accordingly, the full amount of such deposit has been illegally retained by the Internal Revenue Service and such amount is now due and owing to Principal.

## COUNT II

**Tax Year: 2000**

22. Plaintiff repleads and incorporates by reference Paragraphs 1 through 8, inclusive, of the General Allegations of this Complaint as if fully set forth herein.

23. For the taxable year 2000 Principal Mutual Holding Company was the common parent, within the meaning of Treasury Regulation §1.1502-77(a), of the affiliated group of corporations of which Principal Life was a member. Principal Mutual Holding Company timely filed the consolidated federal income tax return for the affiliated group for the taxable year 2000 with the Internal Revenue Service Center at Ogden, Utah 84201-0012, within the extended time allowed therefor. The name, address, and identification number appearing on said return were as follows:

Principal Mutual Holding Company
711 High Street
Des Moines, Iowa 50392
Identification Number: 42-1476365

24. The affiliated group's 2000 income tax return showed consolidated federal income tax liability for that year of $158,011,881. Principal made payments by electronic transfer to the Internal Revenue Service within the time

periods prescribed by law, fully satisfying the amount of income tax liability shown on said return.

25. On December 29, 2004, the Internal Revenue Service issued to Principal a statutory notice of deficiency claiming that Principal was liable for additional federal income taxes for 2000 in the amount of $128,727,605, plus penalties in the amount of $7,294,419.

26. On January 13, 2005, Principal remitted to the Internal Revenue Service a deposit for 2000 in the total amount of $153,300,000. On or about January 28, 2005, such remittance was applied to taxes in the amount of $128,727,605, penalties in the amount of $7,294,419, and deficiency interest in the amount of $19,182,961 claimed by the Internal Revenue Service to be due for 2000.

27. On or about January 26, 2007, Principal Life as designated agent for its affiliated group filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a timely Amended Return/Claim for Refund of 2000 income taxes ("2000 Amended Return/Claim for Refund"), seeking refund of federal income taxes for 2000 in the amount of $37,013,392, plus interest allowable by law. The name, address, and identification number appearing on such 2000 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
As Designated Agent for
Principal Mutual Holding Company
711 High Street
Des Moines, Iowa 50392
Identification Number: 42-0127290

The facts and grounds upon which this Count II is brought were incorporated within such 2000 Amended Return/Claim for Refund. A copy of the relevant portion of such 2000 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a part of Appendix II.

28. Principal's 2000 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal Revenue Service has failed and refused to allow any portion of Principal's 2000 Amended Return/Claim for Refund.

29. The failure and refusal of the Internal Revenue Service to allow those portions of Principal's 2000 Amended Return/Claim for Refund referred to below was wrongful, erroneous, and illegal, and was the result of the following errors of the Internal Revenue Service:

(a) Assessment and collection of interest on deferred tax under Section 453A of the Internal Revenue Code in the amount of $1,324,990 on

the deferred portion of Plaintiff's recognized but unreported capital gain resulting from its sale in 1991 of installment obligations to its indirect subsidiary, Principal FC, Ltd. Such Section 453A interest was the subject of this Court's decision filed on March 17, 2006, in *Principal Life Insurance Company v. U.S.*, No. 02-1278T, relating to the taxable years 1991-1994.

(b) Determination that Principal's income for 2000 must include $6,085,217 for accrual of accretion in value with respect to Principal's interests in certain custodial share receipts received by Plaintiff pursuant to custodial share agreements with regulated investment companies.

(c) Determination that Plaintiff's income for 2000 should include previously-deducted guarantee fund assessments in the amount of $2,296,820, and failure to allow appropriate amortization of such guarantee fund assessments as a result of this Court's decision in *Principal Life Insurance Company v.U.S.*, 70 Fed. Cl. 144 (2006).

(d) Failure and refusal to allow a bad debt deduction of $914,068 under Section 166 of the Internal Revenue Code with respect to a 1979 mortgage loan made by Principal on property in Atlanta, Georgia owned by

Sun Laboratories, Inc. which, if it did not become worthless in 1999 as alleged in Paragraph 16(g), became worthless in 2000.

(e) Failure and refusal to allow amortization over an eight-year period of $17,750,000 paid by Principal in 1999 for cancellation of an executory contract of reinsurance with an unrelated party in order to assume full rights to certain indemnity health insurance contracts; or to allow, in the alternative, such amortization over a fifteen-year period.

(f) Failure and refusal to exclude from Principal's income the sum of $443,975, such amount representing the excess over the amount properly includible in Principal's income in 2000 for dividends received from BrasilPrev Seguros e Previdencia S.A., a Brazilian corporation.

(g) Failure to allow as additional foreign tax credit the sum of $143,885, such amount representing the difference between the amount of foreign tax credit claimed by Principal in its original tax return as filed and the amount thereof properly allowable with respect to dividends received by Principal's wholly-owned subsidiary, PFG do Brasil LTDA, from BrasilPrev Seguros e Previdencia S.A., a Brazilian corporation that paid Brazilian income taxes on the income that was the source of such dividends.

(h) Determination that Principal must include $23,868,638 in its taxable income for 2000 with respect to its investment in the entity known as Whispering Woods, LLC.

(i) Disallowance of capital loss in the amount of $80,337,354 incurred by Plaintiff in 2000 upon sale of principal certificates issued by the Asgard Primary Trust following its receipt of certain perpetual securities.

(j) Assessment and collection of the accuracy-related penalty under §6662(a) in the amount of $7,294,419 for alleged negligence and substantial understatement claimed in connection with adjustments made to Principal's investments in Whispering Woods, LLC and certain perpetual securities.

(i) Failure to make timely assessment of the alleged 2000 tax deficiency in the amount of $128,727,605, penalty in the amount of $7,294,419, and interest in the amount of $19,182,961 demanded from and remitted by Principal on January 28, 2005, for the reason that such assessments were barred by the statute of limitations.

30. By virtue of the failure and refusal of the Internal Revenue Service to allow those portions of Principal's 2000 Amended Return/Claim for Refund attributable to the facts and grounds set forth in paragraph 29 above, Principal has

overpaid its federal income taxes for the taxable year 2000 in the amount of $128,727,605, has overpaid the accuracy-related penalty in the amount of $7,294,419, and has overpaid deficiency interest in the amount of $19,182,961, which amounts, together with overpayment interest as provided by law (including interest calculated under Section 6621(d) of the Internal Revenue Code), are now due and owing to Principal by the Defendant.

31. In the alternative, Principal states that the remittance made by it on January 13, 2005 referred to in paragraph 26 above was a deposit in the nature of a cash bond in accordance with Section 6603 of the Internal Revenue Code and Revenue Procedure 84-58, that application of such remittance in payment of taxes, penalties, and/or interest for 2000 was predicated upon the lawful authority of the Internal Revenue Service to properly assess such taxes, penalties, and/or interest for 2000 within the period of limitations applicable thereto, that no such timely assessment of such taxes, penalties, and/or interest for 2000 was made by the Internal Revenue Service within the applicable statute of limitation, and that, accordingly, the full amount of such deposit has been illegally retained by the Internal Revenue Service and such amount is now due and owing to the Principal.

## COUNT III

## Tax Year: 2001

32. Plaintiff repleads and incorporates by reference Paragraphs 1 through 8, inclusive, of the General Allegations of this Complaint as if fully set forth herein.

33. At the close of the taxable year 2001, as a result of a corporate reorganization that occurred in 2001, Principal Financial was the common parent, within the meaning of Treasury Regulation §1.1502-77(a), of the affiliated group of corporations of which Principal Life was a member. On or about March 20, 2002, Principal Financial timely filed the consolidated federal income tax return for the affiliated group for the taxable year 2001 with the Internal Revenue Service Center at Ogden, Utah 84201-0012. The name, address, and identification number appearing on said return were as follows:

Principal Financial Group, Inc.
711 High Street
Des Moines, Iowa 50392-0350
Identification Number: 42-1520346

34. The affiliated group's 2001 income tax return showed a consolidated net operating loss of $313,802,051, a short-term capital loss of $276,512,861, and

a long-term capital loss of $203,344,955. Such losses were carried back by Principal to prior taxable years as permitted by law.

35. On or about September 13, 2002, Principal Financial filed a superseding consolidated federal income tax return for the affiliated group for the taxable year 2001 with the Internal Revenue Service Center at Ogden, Utah 84201-0012. The name, address, and identification number appearing on the return were as follows:

Principal Financial Group, Inc.
711 High Street
Des Moines, Iowa 50392-0350
Identification Number: 42-1520346

36. The superseding return for 2001 showed a consolidated net operating loss of $351,079,591, a short-term capital loss of $277,153,935, and a long-term capital loss of $261,108,908. Such losses were carried back by Principal to prior taxable years as permitted by law.

37. On March 1, 2005, the Internal Revenue Service issued to Principal a statutory notice of deficiency claiming that Principal was liable for unpaid federal income taxes for 2001 in the amount of $1,030,548.

38. On March 30, 2005, Principal paid to the Internal Revenue Service the federal income taxes claimed to be due for 2001 in the amount of $1,030,548, plus deficiency interest thereon in the amount of $245,030.

39. On or about January 26, 2007, Principal Financial filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a timely Amended Return/Claim for Refund of 2001 income taxes ("2001 Amended Return/Claim for Refund"), seeking refund of the federal income taxes paid for 2001 in the amount of $1,030,548, plus interest allowable by law. The name, address, and identification number appearing on such 1999 Amended Return/Claim for Refund were as follows:

Principal Financial Group, Inc.
f/k/a Principal Mutual Life Insurance Company
711 High Street
Des Moines, Iowa 50392-0350
Identification Number: 42-0127290

The facts and grounds upon which this Count III is brought were incorporated within such 2001 Amended Return/Claim for Refund. A copy of the relevant portion of such 2001 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a part of Appendix III.

40. Principal's 2001 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal

Revenue Service has failed and refused to allow any portion of Principal's 2001 Amended Return/Claim for Refund.

41. The failure and refusal of the Internal Revenue Service to allow Principal's 2001 Amended Return/Claim for Refund was wrongful, erroneous, and illegal, and was the result of the following errors of the Internal Revenue Service:

(a) Assessment and collection of interest on deferred tax under Section 453A of the Internal Revenue Code in the amount of $1,030,548 on the deferred portion of Plaintiff's recognized but unreported capital gain resulting from its sale in 1991 of installment obligations to its indirect subsidiary, Principal FC, Ltd. Such Section 453A interest was the subject of this Court's decision filed on March 17, 2006, in *Principal Life Insurance Company v. U.S.*, No. 02-1278T, relating to the taxable years 1991-1994.

(b) Failure and refusal to allow as additional foreign tax credit the sum of $75,754, such amount representing the difference between the amount of foreign tax credit claimed by Principal in its original tax return as filed and the amount thereof properly allowable with respect to dividends received by Principal from its wholly-owned subsidiary, PFG do Brasil LTDA, a Brazilian corporation that paid Brazilian income taxes on the income that was the source of such dividends.

(c) Failure to allow as additional foreign tax credit the sum of $197,233, such amount representing the difference between the amount of foreign tax credit claimed by Principal in its original tax return as filed and the amount thereof properly allowable with respect to dividends received by Principal's wholly-owned subsidiary, PFG do Brasil LTDA, from BrasilPrev Seguros e Previdencia S.A., a Brazilian corporation that paid Brazilian income taxes on the income that was the source of such dividends.

(d) Reduction of Principal's net operating loss for 2001 by virtue of the following adjustments:

(1) Reduction of Principal's net operating loss by the amount of $10,551,985 as a result of the determination that Principal's income must be increased in such amount for accrual of accretion in value with respect to Principal's interests in certain custodial share receipts received by Principal pursuant to custodial share agreements with regulated investment companies.

(2) Reduction of Principal's net operating loss by the amount of $694,353 as a result of the determination that Principal's income for 2001 should include previously-deducted guarantee fund assessments in that amount, and failure to allow amortization of such

guarantee fund assessments in accordance with this Court's decision in *Principal Life Insurance Company v. U.S.*, 70 Fed. Cl. 144 (2006).

(3) Failure and refusal to allow amortization over an eight-year period of $17,750,000 paid by Principal in 1999 for cancellation of an executory contract of reinsurance with an unrelated party in order to assume full rights to certain indemnity health insurance contracts; or to allow, in the alternative, such amortization over a fifteen-year period.

(4) Failure and refusal to allow a bad debt deduction of $914,068 under Section 166 of the Internal Revenue Code with respect to a 1979 mortgage loan made by Principal on property in Atlanta, Georgia owned by Sun Laboratories, Inc., which, if it did not become worthless in 1999 or 2000, became worthless in 2001.

(5) Determination that Principal must include $19,703,883 in its taxable income for 2001 with respect to its investment in the entity known as Whispering Woods, LLC.

(6) Determination that Principal must include $4,336,338 in its taxable income for 2001 with respect to its investment in the entity known as Whistling Pines, LLC.

(e) Reduction of Principal's capital losses for 2001 by virtue of the following adjustments:

(1) Disallowance of capital loss in the amount of $210,668,700 incurred by Principal in 2001 upon sale of principal certificates issued by the Seve Primary Trust and the Evergreen Primary Trust following such trusts' receipt of certain perpetual securities.

(2) Reduction of such capital losses by the amount of $47,885,162 determined, in the alternative, to represent capital gain realized upon disposition in 2001 of Principal's interest in Whispering Woods, LLC.

42. By virtue of the failure and refusal of the Internal Revenue Service to allow Principal's 2001 Amended Return/Claim for Refund based on the facts and grounds set forth in paragraph 41 above, Principal has overpaid its federal income taxes for the taxable year 2001 in the amount of $1,030,548, which amount together with deficiency interest paid thereon and overpayment interest as provided by law (including interest calculated under Section 6621(d) of the Internal Revenue Code), is now due and owing to Principal by the Defendant.

WHEREFORE, Principal demands judgment against Defendant as follows:

(1) On Count I of this Complaint, for federal income taxes overpaid in the amount of $164,888,638, deficiency interest overpaid in the amount of $24,358,721, penalties overpaid in the amount of $10,848,700, and overpayment interest thereon as provided by law (including interest calculated under Section 6621(d)); or in the alternative, in the amount of $202,000,000 for monies illegally retained by the Internal Revenue Service in contravention of the Internal Revenue Code's statute of limitations, plus interest as provided by law (including interest calculated under Section 6621(d)); and

(2) On Count II of this Complaint, for federal income taxes overpaid in the amount of $128,727,605, deficiency interest overpaid in the amount of $19,182,961, penalties overpaid in the amount of $7,294,419, and overpayment interest thereon as provided by law (including interest calculated under Section 6621(d)); or in the alternative, in the amount of $153,300,000 for monies improperly retained by the Internal Revenue Service in contravention of the Internal Revenue Code's statute of limitations, plus interest as

provided by law (including interest calculated under Section 6621(d)); and

(3) On Count III of this Complaint, for federal income taxes overpaid in the amount of $1,303,535, deficiency interest overpaid in the amount of $245,030, and overpayment interest thereon as provided by law (including interest calculated under Section 6621(d)); and

(4) For the costs of this proceeding which are allowable, and for such other relief as the Court may decree.

Dated: 3-4-2008

Bruce Graves

Bruce Graves
Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, PLC
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515/242-2400
Facsimile: 515/283-0231
Email: *graves@brownwinick.com*

ATTORNEY FOR PLAINTIFFS,
PRINCIPAL LIFE INSURANCE
COMPANY and
PRINCIPAL FINANCIAL GROUP, INC.

OF COUNSEL:
William C. Brown, Esq.
John D. Schmidt, Esq.